1  BRIAN L. JOHNSRUD, State Bar No. 184474
   PATRICK SHERMAN, State Bar No. 229959
2  CURLEY, HESSINGER & JOHNSRUD LLP
   4400 Bohannon Drive, Suite 230
3  Menlo Park, CA 94025
   Telephone:    650.600.5300
4  Facsimile:    650.323.1002
   E-mail: bjohnsrud@curleyhessinger.com
5          psherman@curleyhessinger.com

6  Attorneys for Petitioner
   GOOGLE INC.
7

8                    UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11 | GOOGLE INC.,                         | Case No. 15-CV-02981 HRL
12 |        Petitioner,                   | **GOOGLE INC.'S PETITION TO COMPEL ARBITRATION PURSUANT TO WRITTEN AGREEMENT TO ARBITRATE**
13 |        v.                            |
14 | RIVKA SPIVAK,                        | DATE:   September 1, 2015
15 |        Respondent.                   | TIME:   10:00 a.m.
                                            COURTROOM:  2
16
                                            Supporting Documents:
17                                          Memorandum of Points and Authorities;
                                            Declarations of Ariana Tortorici and Michael
18                                          Pfyl; Certificate of Interested Parties

19 **TO RESPONDENT RIVKA SPIVAK AND HER COUNSEL:**

20    **PLEASE TAKE NOTICE THAT** on September 1, 2015, at 10:00 a.m., or as soon

21 thereafter as the matter may be heard before this Court in Department/Courtroom No. 2, located

22 at Robert F. Peckham Federal Bldg, 280 S 1st St., San Jose, California, 95113, Petitioner Google

23 Inc. will and hereby does petition the Court to compel to arbitration in Santa Clara County,

24 California all threatened claims of Respondent Rivka Spivak ("Respondent" or "Spivak") against

25 Petitioner that are subject to the parties' written, pre-dispute arbitration agreement. This Petition

26 is made pursuant to 9 U.S.C. § 1 *et seq.* and is based on this Petition, the accompanying

27 Memorandum of Points and Authorities in support hereof, the declarations of Ariana Tortorici

28

(and the exhibits attached thereto) and Michael Pfyl and any further evidence and argument that may be presented in support of this Petition.

## PETITION TO COMPEL ARBITRATION

In support of its Petition to Compel Arbitration pursuant to the Federal Arbitration Act, Google states as follows:

**I. THE PARTIES**

1. Petitioner Google Inc. is incorporated under the laws of Delaware and its principal place of business is in Mountain View, California. It is thus a citizen of Delaware and California for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

2. Respondent Rivka Spivak is an individual who is a citizen of and domiciled in the State of Washington.

**II. JURISDICTION AND VENUE AND INTRADISTRICT ASSIGNMENT**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Under 9 U.S.C. § 4, a federal court should "look through" the Petition to confirm that there is an independent basis for federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). In this case, this Petition involves an underlying dispute between citizens of different states, as Petitioner is a corporation incorporated in the State of Delaware with its principal place of business in the State of California, while Respondent is a citizen of the State of Washington. The amount in controversy associated with the claims threatened by Spivak far exceeds $75,000 exclusive of interest and costs. Respondent is threatening various claims under the Washington Law Against Discrimination and the New York New York State Human Rights Law and has demanded millions of dollars in claimed damages from Petitioner. (Declaration of Michael Pfyl Decl. ¶ 3.) Respondent's settlement demand confirms that the case satisfies the amount in controversy requirement. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (affirming admission of settlement offer to establish amount in controversy requirement and rejecting argument that settlement offer was inadmissible under FRE 408).

4. This Court has personal jurisdiction over the parties because Petitioner resides in this District and because Respondent has expressly consented to personal jurisdiction in this

1 District. The written agreement between Petitioner and Respondent provides that "[t]o the extent that any lawsuit is permitted under this Agreement, I hereby expressly consent to the exclusive personal jurisdiction of the state and federal courts located in California for any lawsuit filed against me by the Company." (Declaration of Ariana Tortorici, ¶ 3, Exhibit C at § 16(a).)

5. In terms of venue, a petition to compel arbitration may be filed in any United States District Court with jurisdiction over the dispute. 9 U.S.C. § 4. Venue is proper in this District because the arbitration agreement between Petitioner and Respondent provides that "[t]o the extent that any lawsuit is permitted under this Agreement, I hereby expressly consent to the exclusive personal jurisdiction of the state and federal courts located in California for any lawsuit filed against me by the Company" and because Respondent agreed to arbitrate in Santa Clara County, California, which is in this District. (Tortorici Decl., ¶ 3, Exhibit C at § 16(a).) Under Civil Local Rule 3-2(e), venue is proper in the San Jose Division of this District for civil actions otherwise arising in Santa Clara County to be assigned to the San Jose Division.

### III. BASIS FOR ARBITRATION

6. When Spivak joined Google in April 2010, she agreed to an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement ("Agreement"). A true and correct copy of this written agreement is attached as Exhibit C to the Declaration of Ariana Tortorici filed in support of this Petition and it is incorporated herein by reference as though fully set forth herein verbatim and in full. Spivak accepted the Agreement through her electronic signature on April 12, 2010. (Tortorici Decl. ¶ 3, Exhibits C and D.) The Agreement includes a plainly labeled arbitration provision, set forth in Section 15 of the Agreement. (Tortorici Decl. ¶ 3, Exhibit C.) The arbitration provision covers all claims arising out of or relating to Spivak's employment. It provides:

> I agree that any and all controversies, claims, or disputes with anyone (including the Company and any employee, officer, director, shareholder or benefit plan of the Company in their capacity as such or otherwise) … arising out of, relating to, or resulting from my employment with the Company … shall be subject to binding arbitration administered by Judicial Arbitration and Mediation Services, Inc. ("JAMS"), pursuant to its Employment Arbitration Rules & Procedures (the "JAMS Rules").
> (Tortorici Decl. ¶ 3, Exhibit C, §15(a).)

7.      The Agreement became part of the terms and conditions of the employment relationship between Google and Spivak.  The Agreement is subject to the Federal Arbitration Act (9 U.S.C. §§ 1-12) because the employment relationship between Google and Spivak affects "commerce" within the meaning of 9 U.S.C. § 1.  The Agreement is part and parcel of the employment relationship by which Google hired Spivak as a Product Manager to help develop and work on versions of software products and tools used by Google and its customers across the country and throughout the world, including advertising optimization platforms that allow publishers and customers to interact and conduct business.  (Tortorici Decl. ¶ 4.)  And, the Agreement requires a California citizen (Google) to arbitrate disputes with a citizen of Washington (Spivak), through JAMS, a nationwide provider of arbitration services.  (Tortorici Decl. ¶ 3, Exhibit C, §15(a).)  In short, the FAA applies to the instant Petition.

8.      A controversy has arisen between Petitioner and Respondent regarding claims subject to the arbitration agreement.  Specifically, Spivak has threatened claims, both internally, and externally through her legal counsel, and as recently as June 18, 2015.  (Pfyl Decl. ¶ 3.)  Those claims include allegations of gender discrimination and retaliation under the Washington Law Against Discrimination and the New York State Human Rights Law.  (*Id.*)  Spivak claims she received allegedly unfair performance evaluations, was placed on a Performance Improvement Plan, was denied promotion and stock grants, and denied a transfer (to a role in Los Angeles, California).  (Tortorici Decl. ¶ 5.)  Spivak's allegations regarding her employment in the State of Washington are attributed primarily to two different managers, both of whom live in the San Francisco Bay Area and both of whom work in Google's headquarters in Mountain View, California.  (*Id.*)  Spivak has demanded millions of dollars from Google in claimed economic damages, as well as substantial emotional distress damages.  (Pfyl Decl. ¶ 3.)  Google denies Spivak's allegations and monetary demands.  (*Id.*)

9.      Notwithstanding the Agreement, Spivak (through her legal counsel) has stated her position that the arbitration of her claims should proceed in Kings County, Washington, where she currently resides and where her legal counsel is based, instead of the agreed-upon forum of Santa Clara County.  (Pfyl Decl. ¶ 4.)  "If the written agreement contains a place-of-arbitration

clause, then logically, a party's attempt to arbitrate elsewhere is a refusal to arbitrate under the agreement." *In re Cintas Corp. Overtime Pay Arbitration Litig.*, 2007 U.S. Dist. LEXIS 5479, *43-44 (N.D. Cal. Jan. 9, 2007). Spivak's threatened claims arise under New York and Washington state law, neither of which require the exhaustion of administrative remedies, so she is free to commence her threatened claims at any time, and most recently asserted them through her legal counsel on June 18, 2015. (Pfyl Decl. ¶ 3.) Moreover, Spivak has averred that her New York claims are at risk under a soon-to-expire statute of limitations and thus by agreement the parties tolled the New York limitations period through only July 31, 2015. (Pfyl Decl. ¶ 3.) She continues to fail to demand arbitration in the agreed-upon location of Santa Clara County, where the designated alternative dispute resolution provider, JAMS, has an office (San Jose). This Petition is therefore ripe for review.

## IV. PRAYER

WHEREFORE, Petitioner prays:

(a) That the Court GRANT Google's Petition to Compel Arbitration and order Respondent Spivak to arbitrate in Santa Clara County, California all threatened claims and causes of action subject to the arbitration agreement;

(b) That the Court order Respondent Spivak to comply with all other terms of the arbitration agreement with Google; and

(c) For such other and further relief as the Court may deem proper.

Dated: July 2, 2015                                         CURLEY, HESSINGER & JOHNSRUD LLP


By    /s/ Brian L. Johnsrud
    BRIAN L. JOHNSRUD
    Attorneys for Petitioner
    GOOGLE INC.